# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHUNKI E. FLEMING, | Case No. 1:25-cv-01854-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| C.S.P. CORCORAN, *et al.*, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE |
| Defendants. | |
| | (ECF No. 10) |
| | **FOURTEEN (14) DAY DEADLINE** |

## I.      Background

Plaintiff Shunki E. Fleming ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The action was transferred to this Court on December 15, 2025.  (ECF No. 5.)

On April 27, 2026, the Court screened Plaintiff's complaint and found that it failed to comply with Federal Rule of Civil Procedure 8 and failed to state a cognizable claim for relief. (ECF No. 10.)  The Court issued an order granting Plaintiff leave to file a first amended complaint or notice of voluntary dismissal within thirty (30) days.  (*Id.*)  The Court expressly warned Plaintiff that failure to comply with the Court's order would result in a recommendation

1

for dismissal, without prejudice, for failure to obey a court order and for failure to prosecute. (*Id.*) Plaintiff failed to file an amended complaint or otherwise communicate with the Court, and the deadline to do so has expired.

## II.    Failure to State a Claim

### A. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### B. Plaintiff's Allegations

Plaintiff is currently housed at California Medical Facility in Vacaville, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at California State Prison – Corcoran. Plaintiff names the following defendants: (1) Corcoran State Prison, and (2) Florez, floor officer.

2

Plaintiff alleges that on December 26, 2024, at dinner, Plaintiff was given a dinner tray and had something round and brown about 2 inches in length, a little smaller than a tennis ball. It had crumbled granola on top of it to make it look appetizing. When Plaintiff took a bite of it, Plaintiff realized it was a rotten apple dressed up to look like a dessert. Plaintiff found it had an apple ear with apple seeds. Before Plaintiff bit into it, he assumed it was some kind of dessert. But when he tasted it, it was rotten, mushy, and grotesque. Plaintiff spit it out and put the rest in a container to have the staff film it for documentation. Plaintiff does not know if it was the kitchen staff or the CO's that did it before turning on their body cameras. Plaintiff contends it was done intentionally. It was dressed up and the personnel handling it knew it was a fully rotted apple. Plaintiff asked staff what it was, and with a smirk, officer Florez said it was a potato, which was an obvious lie. They covered up the fact it was rotten with the intention of deceiving Plaintiff.

Plaintiff seeks damages.

**C. Discussion**

**Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's complaint is a short and plain statement of his claims. Plaintiff's complaint does not clearly state what happened, when it happened, and who was involved. Additionally, Plaintiff's conclusory statements and legal conclusions are not sufficient to state a cognizable claim for relief.

**Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

3

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's complaint fails to adequately link Defendant Corcoran or Defendant Florez to any action or omission alleged to have violated his rights.  Plaintiff does not allege what role Florez played in giving Plaintiff rotten food.

**Eleventh Amendment Immunity**

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007).  Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override. . . ." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999).  "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." *See Fireman's Fund Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003).  "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court. . . ." *Dittman*, 191 F.3d at 1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see also Brown v. Cal. Dep't. of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of

Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity).

Therefore, Plaintiff cannot pursue claims for damages or injunctive relief against the State, CDCR, or Corcoran State Prison in this action.

**Eighth Amendment - Conditions of Confinement**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations & quotations omitted). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,' " and (2) "the prison official 'acted with deliberate indifference in doing so.' " *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). To state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2006). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. *Id.* at 731.

Adequate food is a basic human need protected by the Eighth Amendment. *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982) (abrogated on other grounds by *Sandin v. O'Connor*, 515 U.S. 472 (1995)). "Food is one of life's basic necessities," and the government is obligated to provide those in its custody "with adequate sustenance on a daily basis." *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009). "The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993).

The state is obligated to provide " 'nutritionally adequate food that is prepared and served

5

under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it,' " and "the state health code, while not establishing 'constitutional minima,' is relevant in making a finding regarding the constitutionality of existing conditions." *Jackson v. Walker*, No. CIV S-06-2023 WBS GGH P, 2009 WL 1743639, at *8 (E.D. Cal. June 17, 2009) (citing *Somers v. Thurman*, 109 F.3d 614, 623 (9th Cir. 1997).

Sustained deprivation of food that results in pain without any penological purpose can amount to cruel and unusual punishment. *Phelps v. Kapnolas,* 308 F.3d 180, 187 (2d Cir. 2002). "In the same way that an inmate relies on prison officials to provide appropriate medical care ... and protection from assaults by other inmates ... inmates rely on prison officials to provide them with adequate sustenance on a daily basis. The repeated and unjustified failure to do so amounts to a serious depravation." *Foster*, 554 F.3d at 814 (citations omitted).

An occasional missed meal that causes hunger pangs, but no adverse health consequences, does not rise to the level of an Eighth Amendment violation. In contrast, the repeated deprivation of meals may be sufficient to state a constitutional claim. See *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009) (holding allegation that prisoner was denied 16 meals in 23 days stated a "sufficiently serious deprivation" to satisfy the objective prong of an Eighth Amendment claim, but noting allegations that an inmate was deprived of 2 meals on 2 days spread 3 months apart were about "relatively isolated occurrences [and] do not appear to rise to the level of a constitutional violation").

Plaintiff alleges that, on one occasion, he received a rotten apple as dessert.  This missed portion of a single meal neither satisfies the objective nor subjective prong of an Eighth Amendment violation. Objectively, receiving one rotten apple for dinner dessert does not allege a sufficiently serious deprivation of adequate food. Subjectively, Plaintiff does not allege any facts, other than speculation, suggesting that the rotten apple was anything other than a mistake or negligence.

### III.    Failure to Prosecute and Failure to Obey a Court Order

#### A.  Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with

any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### A. Discussion

Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in

7

dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's April 27, 2026 screening order expressly warned Plaintiff that his failure to file an amended complaint would result in a recommendation for dismissal of this action without prejudice. (ECF No. 10.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. As Plaintiff is proceeding *in forma pauperis* in this action, it appears that monetary sanctions will be of little use and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

**IV.    Conclusion and Recommendation**

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a District Judge to this action.

Furthermore, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey a court order, and for Plaintiff's failure to prosecute this action.

*****

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be**

///

///

///

**considered.**  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **June 10, 2026**                          /s/ *Barbara A. McAuliffe*
                                                      UNITED STATES MAGISTRATE JUDGE

9